IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| v. | |
| JAMILLE BARKSDALE | NO. 08-186-03 |

DuBOIS, J.                                                                                                   March 16, 2021

# MEMORANDUM

### I.   INTRODUCTION

*Pro se* defendant, Jamille Barksdale, is an inmate at Federal Correctional Institute McKean ("FCI McKean"). Presently before the Court is *pro se* defendant's Motion for Compassionate Release. *Pro se* defendant has not demonstrated that he suffers from a medical condition that the Centers for Disease Control and Prevention ("CDC") has identified as a risk factor for COVID-19, and there are no other grounds for compassionate release. For that reason, the motion is denied.

### II.   BACKGROUND

#### A.   Instant Conduct

On January 11, 2010, *pro se* defendant pled guilty to one count of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and five counts of distribution of cocaine and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2. Although the United States Sentencing Guidelines ("Guidelines") recommended a life sentence in light of *pro se* defendant's offense conduct and criminal history, the Court imposed a below-Guidelines sentence of 180 months.

*Pro se* defendant has served approximately 138 months in custody, which, with good time credit of seventeen months, is approximately 155 months. The Government reports that *pro se* defendant's anticipated release date is July 5, 2022. Gov't Resp. at 5.

### B. Prior Conduct

*Pro se* defendant has an extensive criminal history, including two convictions for aggravated assault. First, in April 2006, *pro se* defendant shot at another man "between two and six times." PSR ¶ 129. Second, in March 2008, *pro se* defendant "struck [an] individual in the head with a closed first." *Id.* ¶ 126. His criminal history also includes a conviction for theft by receiving stolen property in 1996 and a number of drug-related convictions between 1996 and 2000. *Id.* ¶¶ 105–23.

### C. Present Motion

On December 21, 2020, *pro se* defendant filed the pending Motion for Compassionate Release. In support of the motion, *pro se* defendant states that he is at increased risk of contracting COVID-19 because he suffers from thyroid cancer and hypertension. He cites no portion of his medical records, and the Court has found none, stating that he was diagnosed with thyroid cancer or hypertension. *Pro se* defendant's medical records state that he was diagnosed with hyperthyroidism on January 3, 2014. Def.'s Med. R., Document No. 462-1 at 70.

On December 1, 2020, *pro se* defendant's cellmate tested positive for COVID-19. Def.'s Mot. at 2. *Pro se* defendant claims that "[t]he Administration at this time made [him] lock in the cell with the positive inmate." *Id.* On December 7, 2020, *pro se* defendant tested positive for COVID-19. He claims that, as a result of COVID-19, he had headaches and "lost [his] taste and sense of smell." *Id.* The Government reports that, as of January 26, 2021, *pro se* defendant "has recovered from COVID-19 without apparent consequences." Gov't Resp. at 1.

Finally, *pro se* defendant claims that he has "accepted responsibility for [his] actions and has focused on [his] rehabilitation to not become engaged in any further criminal activity." Def.'s Mot. at 1. He states that, while serving his current sentence, he became a Life Coach, a peer mentor, and received certifications in, *inter alia*, "OSHA" and "Life Coaching." *Id*. With respect to his conduct in custody, the Government reports that *pro se* defendant has received three disciplinary infractions. Gov't Resp. at 6. His most recent infraction occurred in 2013. *Id*.

On January 26, 2021, the Government filed its response to *pro se* defendant's Motion for Compassionate Release. The motion is thus ripe for decision.

### III.   DISCUSSION

#### A.   Applicable Law

*Pro se* defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Section 3582(c)(1)(A)(i) permits a federal prisoner to petition a court for compassionate release for "extraordinary and compelling reasons" after first filing a request for compassionate release with the prison warden.[1] 18 U.S.C. § 3582(c)(1)(A)(i). Generally, "extraordinary" means "[b]eyond what is usual, customary, regular, or common" and a "compelling need" is a "need so great that irreparable harm or injustice would result if it is not met." *United States v. Rodriguez*, 451 F. Supp. 3d 392, 401 (E.D. Pa. 2020) (quoting *Extraordinary*, Black's Law Dictionary (11th ed. 2019)).

"Extraordinary and compelling reasons," for purposes of § 3582(c)(1)(A)(i), were previously defined by a policy statement in § 1B1.13 of the United States Sentencing Guidelines, which cites the (A) medical condition, (B) age, (C) family circumstances of the defendant, and,

---

[1] On June 20, 2020, *pro se* defendant submitted a request for compassionate release to the Warden of FCI McKean. The parties do not dispute that *pro se* defendant has exhausted his administrative remedies.

(D) "reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," as determined by the Bureau of Prisons ("BOP"). U.S.S.G. § 1B1.13 cmt. n.1(A)-(D). This policy statement, which was adopted before the First Step Act, does not account for the fact that defendants may now file their own motions for compassionate release.[2] Thus, as a majority of district courts and all of the courts of appeals that have spoken on the issue have held, § 1B1.13 is not an "applicable policy statement" in the context of defendant-filed motions.[3] *See United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) ("join[ing] three other federal courts of appeals that recently have considered this question"); *United States v. Pollard*, No. 10-633-1, 2020 WL 4674126, at *5 n.5 (E.D. Pa. Aug. 12, 2020) (collecting district court cases). Based on this authority, the Court concludes that when a defendant files a motion for compassionate release on his own behalf—as *pro se* defendant has done in this case—a district court may exercise its discretion to define "extraordinary and compelling reasons."

The Third Circuit has held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 954, 597 (3d Cir. 2020). Moreover, "the existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner." *United States v. Roeder*, 807 F. App'x 157, 161 n.16 (3d Cir. 2020). Therefore, a general fear of contracting COVID-19 alone does not satisfy the "extraordinary and compelling reasons"

---

[2]   The Sentencing Commission currently lacks the quorum required to amend the Sentencing Guidelines. U.S. Sentencing Comm'n, Annual Report 2–3 (2019), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2019/2019-Annual-Report.pdf. Thus, as many courts have recognized, the Guidelines have not been updated in response to the First Step Act. *See, e.g.*, *United States v. Brooker,* 976 F.3d 228, 234 (2d Cir. 2020).

[3]   The Court notes that "[t]he existing policy statement continues to govern BOP-filed motions for compassionate release." *McCoy*, 981 F.3d at 282 n.7 (citing *United States v. Jones*, 980 F.3d 1098, 1109–10 (6th Cir. 2020)).

4

requirement of the statute. *United States v. Ramirez-Ortega*, No. 11-251-07, 2020 WL 4805356, at *2 (E.D. Pa. Aug. 18, 2020) (DuBois, J). However, an inmate may be able to establish extraordinary and compelling circumstances when the inmate suffers from a medical condition that the CDC has identified as a risk factor for COVID-19. *Rodriguez*, 451 F. Supp. 3d at 402.

"Not every defendant who presents a qualifying extraordinary and compelling reason is entitled to relief under Section 3582(c)(1)(A)." *United States v. Babbitt*, No. 18-384, 2020 WL 6153608, at *9 (E.D. Pa. Oct. 21, 2020). Before granting compassionate release, a court must consider (1) whether the defendant would present a danger to the community under 18 U.S.C. § 3142(g); and (2) whether a sentence reduction would be consistent with the factors enumerated in 28 U.S.C. § 3553(a). *Babbitt*, 2020 WL 6153608, at *9. To determine whether a defendant would be a danger to the community, the Court considers "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, . . . community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). Then, § 3553(a) instructs the court to "impose a sentence 'sufficient, but not greater than necessary' to accomplish the goals of sentencing." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (quoting 18 U.S.C. § 3553(a)). The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide punishment, deter criminal conduct and protect the public from further crimes by the defendant; (3) the kinds of sentences and sentencing ranges available; and (4) the need to avoid unwarranted sentence disparities among defendants committing similar offenses.

*Babbitt*, 2020 WL 6153608, at *10 (citing 18 U.S.C. § 3553(a)). Ultimately, compassionate release is appropriate only when there are extraordinary and compelling circumstances, the

defendant's release would not pose a danger to the community, and release would be consistent with the § 3553(a) factors.

**B. Analysis**

*Pro se* defendant argues compassionate release is warranted based on (1) his medical conditions; (2) his rehabilitation while in prison; and (3) his having served "the lion's share of [his] sentence." Def.'s Mot. at 1.

1. Extraordinary and Compelling Reason

The Court first considers whether *pro se* defendant's medical conditions constitute an extraordinary and compelling reason warranting compassionate release. As discussed *supra*, *pro se* defendant claims he has thyroid cancer and hypertension.

The CDC has advised that people who have cancer "are at increased risk of severe illness from the virus that causes COVID-19." CDC, People Who Are at Higher Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (accessed Mar. 16, 2021). Similarly, the CDC has reported that people who have hypertension "might be at an increased risk for severe illness from the virus that causes COVID-19." CDC, People Who Are at Higher Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (accessed Mar. 16, 2021).

*Pro se* defendant cites no portion of his medical records, and the Court has found none, stating that he was diagnosed with thyroid cancer or hypertension. As discussed above, *pro se* defendant's medical records state that he was diagnosed with hyperthyroidism. Courts in this district have recognized that hyperthyroidism does not "place [a defendant] at a uniquely high risk of grave illness or death if infected by COVID-19." *See, e.g., United States v. Tartaglione*,

No. 15-491, 2020 WL 3969778, at *6 (E.D. Pa. July 14, 2020); *United States v. Figueroa*, No. 91-518, 2020 WL 6485098, at *2 (E.D. Pa. Nov. 4, 2020) ("hyperthyroidism is not a risk factor for COVID-19").

On the present state of the record, without proof of the presence or severity of thyroid cancer or hypertension, the Court concludes that *pro se* defendant's medical conditions do not present an extraordinary and compelling reason warranting compassionate release. *See United States v. Claude*, No. 12-33-01, 2020 WL 5039448, at *4 (E.D. Pa. Aug. 25, 2020) (DuBois, J.) (denying release where defendant failed to present "proof of the presence and severity of any hypertension").

### 2. Danger to the Community Under 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a) Factors

Even if *pro se* defendant presented an extraordinary and compelling reason, compassionate release would be inappropriate in this case because *pro se* defendant presents a danger to the community under § 3142(g) and because the § 3553(a) factors counsel against release.

The Court concludes that, in light of his instant and prior offenses, *pro se* defendant would pose a danger to the community under 18 U.S.C. § 3142(g) upon his release. *Pro se* defendant's criminal history includes two convictions for aggravated assault, a violent crime. Further, in this case, *pro se* defendant was convicted for conspiring to distribute five kilograms or more of cocaine. Courts have recognized that these are serious and dangerous offenses. *See, e.g., United States v. Holmes*, No. 08-495, 2020 WL 4504440, at *3 (E.D. Pa. Aug. 5, 2020) (defendant's crimes, including "felony drug offenses [and] aggravated assault, . . . are of a serious nature and underscore the danger defendant poses to the community.").

This case is unlike *United States v. Briggs*, in which this Court determined that a defendant convicted for his role in two bank robberies did not pose a danger to the community

under 18 U.S.C. § 3142(g). No. 06-715, 2021 WL 872761, at *7 (E.D. Pa. Mar. 8, 2021) (DuBois, J.). The defendant in *Briggs* "drove the getaway car" during the first robbery and "waited at a nearby bus stop" during the second robbery. *Id*. at *1. Significantly, in *Briggs*, the defendant's "history of violence [was] limited to the three-week period during which the robberies that led to his convictions occurred." *Id*. at *7. In this case, *pro se* defendant's criminal history spans more than a decade, and he committed aggravated assault, a violent crime, on separate occasions nearly two years apart.

The § 3553(a) factors also counsel against release. *Pro se* defendant has an extensive criminal history which includes violent crimes, and the time he has served—approximately 155 months, after adjustment for good time credit—is significantly less than the Guidelines' recommendation of a life sentence. Although the Court recognizes *pro se* defendant's rehabilitation efforts, he has failed to show that the time he has served reflects the seriousness of the offenses, promotes respect for the law, and provides just punishment. *See United States v. Garcia*, No. 09-224, 2021 WL 719763, at *6 (E.D. Pa. Feb. 23, 2021) (DuBois, J.) (denying release where defendant's sentence was "significantly less than the Sentencing Guideline's advisory sentencing range").

## IV. CONCLUSION

For the foregoing reasons, *pro se* defendant's Motion for Compassionate Release is denied. An appropriate order follows.